United States District Court
Southern District of Texas
**ENTERED**
September 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CRIMINAL NO. 6:01-108-5 | |
| § | | |
| JOE PINEDA, JR., § | | |
| Defendant. § | | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Joe Pineda, Jr.'s Motion for Modification of Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A) Sec. (1). D.E. 640.

**I. BACKGROUND**

In 2002, Defendant pled guilty to knowingly and intentionally conducting the affairs of an enterprise through a pattern of racketeering, arising from his involvement in the Mexican Mafia gang. He has served 222 months (80%) of his of his 276-month sentence and has a projected release date, after good time credit, of April 24, 2023. Defendant now moves the Court to reduce his sentence by 12 months because he provided essential services to the Bureau of Prisons during the height of the COVID-19 pandemic. He states that he submitted an administrative request for a sentence reduction to the warden of FCI Butner I on June 15, 2022, but never received a response.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all

> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under § 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

---

1. **(A) Medical Condition of the Defendant.** –
   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
   (ii) The defendant is—
       (I) suffering from a serious physical or medical condition,
       (II) suffering from a serious functional or cognitive impairment, or
       (III) experiencing deteriorating physical or mental health because of the aging process,

2

Even if "extraordinary and compelling reasons" for early release exist, the Sentencing Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after

---

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

## III. ANALYSIS

Defendant moves the Court for a sentence reduction because he worked as a "unit orderly – sanitation," providing essential services to the BOP during the height of the COVID-19 pandemic at great personal risk to his own health and safety. While his services are commendable, the Court finds that they do not constitute extraordinary and compelling reasons warranting a sentence reduction. The Court also notes that Defendant has lost at least two months' good time credit since filing a motion for compassionate release one year ago.

Based on the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger to the community that would be posed by Defendant's early release, the Court further finds that a sentence reduction would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). A sentence reduction also would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

**IV. CONCLUSION**

For the reasons set forth above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with § 3553(a) and the applicable policy statements issued by the Sentencing Commission. Accordingly, Defendant's Motion for Modification of Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A) Sec. (1) (D.E. 640) is **DENIED**.

It is so **ORDERED** this 7th day of September, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE